IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOVITO BEBMARCUS WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO.  2:07-CV-327-ID |
| | ) |
| STATE OF ALABAMA, *et al*, | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jovito Bebmarcus White ["White"], a state inmate, through counsel on April 16,2007.  White challenges a conviction for first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama on June 16, 2003.  The trial court sentenced White to twenty years' imprisonment for this conviction on July 24, 2003. White did not file a direct appeal of his robbery conviction which therefore became final by operation of law on September 4, 2003.

The respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. See28 U.S.C. § 2244(d)(1).  The respondents contend that because White's robbery conviction became final in 2003 -- after the effective date of the statute of limitations -- White must have filed his § 2254 petition within one year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents assert that

White failed to file a state post-conviction action which tolled the limitation period. As support for this assertion, the respondents maintain that White did not file a Rule 32 petition challenging his robbery conviction and argue that a motion for modification of sentence he filed on October 24, 2006 had no affect on the running of the limitation period because White filed this motion after expiration of the limitation period. The respondents are correct. *Moore v. Crosby*, 321 F.3d 1377,1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454(2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the respondents maintain that "White's federal habeas petition is time-barred because it was filed outside the one-year statute of limitation and it should be dismissed on this basis." Respondents' Answer at 5.

After careful review of the pleadings and evidentiary materials filed in this case, the court concludes that White failed to file the instant § 2254 petition within the one-year period of limitation mandated by applicable federal law. Title 28 U.S.C. § 2244(d)(1)(A)

directs that the limitation period for filing a 28U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' see 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme court denies certiorari or the time to apply for certiorari expires. *Id.* However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to seek this relief. The Circuit Court of Montgomery County convicted White of first degree robbery on June 16, 2003. The trial court imposed sentence upon White on July 24, 2003. White did not file a direct appeal of this conviction or sentence. Since the petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, White's robbery

conviction became final on September 4, 2003 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* ALA. R. APP. P. 4(b)(1). The one-year period of limitation contained in § 2244(d)(1)(A) therefore began to run on this date. Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" White failed to file a state post-conviction petition challenging his robbery conviction. The motion for modification of sentence did not toll the limitation period. Consequently, the time allowed White for the filing of a federal habeas petition expired on September 7, 2004 because September 4, 2004 fell on a Saturday and September 6, 2004, the following Monday, was Labor Day which constituted a legal holiday. FED.R.CIV.P. 6(a) ("The last day of the period [of limitation] shall be included, unless it is a Saturday, a Sunday, or a legal holiday....").

     Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11thCir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir.1997). Tolling applies only in truly extraordinary

circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dept. of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-14 (11th Cir.2001).

White appears to argue that he is entitled to equitable tolling of the limitation period until the time he filed the instant petition because he "was unaware of his legal rights as he had no legal representation. Petitioner avers that his trial lawyer never informed him of his appellate rights nor of the fact that he could have petitioned the [trial] court within thirty days of sentencing to alter/amend/or vacate the imposed sentence." Petition for Writ of Habeas Corpus - Court Doc. No. 1 at 5. However, applicable federal law clearly forecloses reliance on lack of knowledge as a basis for equitable tolling. Ignorance of the law fails to establish a basis for equitable tolling as this "is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board*, 131 F.3d 967,969 (11th Cir. 1997); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).)"; *Smith v. McGinnis*,208 F.3d 13, 18 (2nd Cir. 2000) (petitioner's pro se status does not warrant equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (equitable tolling not justified by fact that petitioner did not understand the law).

With respect to White's allegations challenging the failure of counsel to advise

him of (I) the right to seek modification of his sentence and(ii) his appellate rights, he is likewise entitled to no relief as the actions of counsel about which White complains fail to establish any impediment to the filing of a timely habeas petition in this court.  Moreover, to the extent White asserts that "he had no legal representation" to file a habeas petition, this claim does not establish  a basis for equitable tolling as there is no "constitutional right to counsel for prisoners mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006)("Prisoners, including those under a sentence of death, have no constitutional right to the appointment of counsel for postconviction proceedings."); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.1990).   "Since [the petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [applicable procedural rules]." *McCoy v. Newsome*, 953 F.2d 1252, 1259 (11th Cir. 1992).

White filed his federal habeas petition in this court on April 16, 2007. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over 2 years and 7 months prior to White filing the instant § 2254 petition.  On May 3, 2007, the court entered an order affording White an opportunity to show cause why this petition should not be denied because it was not filed withing the one-year statute of limitations established in 28 U.S.C. § 2241(d)(1). White did not file a response.  Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that the petition for habeas relief be denied.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before July 23, 2007.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of July, 2007.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE